UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRICK J. HEARD,<br><br>    Defendant. | Criminal Action No. 01-0266 (JDB) |

## MEMORANDUM OPINION AND ORDER

Defendant Derrick Heard had moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on amendments to the United States Sentencing Guidelines ("Guidelines") which lowered the base offense levels for offenses involving cocaine base ("crack cocaine"). For the following reasons, Heard's motion for a sentence reduction is **DENIED**.

## DISCUSSION

In April 2003, Heard pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The government and Heard entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).[1] Such an agreement allows the parties to stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Fed. R. Crim. P. 11(c)(1)(C). The Presentence Investigation Report ("PSR") indicated that, notwithstanding the plea agreement, the

---

[1] Heard's plea agreement was based upon the prior version of Rule 11(c)(1)(C), which was codified as Rule 11(e)(1)(C). The Court refers to the recodified Rule 11(c)(1)(C).

applicable sentencing range under the Guidelines was 188-235 months' imprisonment, based on an offense level of 31 and a criminal history category of VI, taking into consideration § 4B1.1(a), the career offender provisions of the Guidelines. See United States v. Heard, 359 F.3d 544, 547 (D.C. Cir. 2004) (citing PSR ¶¶ 20, 21, 57). No party disputed that the sentencing range under the Guidelines applicable to Heard was 188-235 months. Accordingly, the PSR was accepted by this Court, without objection by the parties, "as findings of fact on the issues that are not in dispute." Tr. of Sent. Hr'g 2:20-3:5 (Apr. 18, 2003) ("Tr.").

Under the plea agreement, the parties stipulated to a sentence of 48 months imprisonment, which was a significant reduction from the 188-235 sentencing range applicable to Heard. Heard was already serving a sentence of approximately 133 months for a prior offense, but the parties "agreed to disagree" on whether the two sentences should run concurrently or consecutively, leaving the matter for resolution by the Court. After the Court concluded that the sentences should run consecutively, Heard lodged an unsuccessful appeal with the D.C. Circuit, which upheld Heard's sentence in all respects. See United States v. Heard, 359 F.3d 544, 545 (D.C. Cir. 2004).

In the intervening time after Heard's sentencing, the United States Sentencing Commission ("Commission") issued a retroactive amendment to the Guidelines to address the disparity between the penalties for crack cocaine and powder cocaine offenses. See U.S. Sentencing Guidelines Manual ("U.S.S.G.") Supp. App. C, amend. 706 (2010) (effective Nov. 1, 2007); amend. 713 (Mar. 3, 2008) (making Amendment 706 retroactive); U.S.S.G. Supp. App. C, amend. 750 (2011) (effective Nov. 1, 2011) (altering the offense levels in Section 2D1.1 for crack cocaine offenses). Heard argues that these retroactive amendments apply to him and that his sentence should be reduced.

> Under 18 U.S.C. § 3582(c)(2), in the case of
>
> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Hence, in order to be eligible for a sentence reduction under that provision, Heard must show that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Essentially, Heard argues that because the parties entered into a plea agreement to avoid the imposition of the sentencing range for career offenders, Heard's sentence must have been based on the crack cocaine sentencing range for the offense itself.

Relying on Freeman v. United States, --- U.S. ----, 131 S. Ct. 2685 (2011), the government contends that Heard is ineligible for a sentence reduction under § 3582(c)(2) because he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. The government also argues that as a career offender, Heard is not entitled to a sentence reduction because the applicable Guidelines range of 188 to 235 months imprisonment for career offenders -- considerably longer than the 48 months imprisonment Heard actually received -- leaves the length of his sentence unchanged. See Gov't Opp'n at 1; see also U.S. Probation Memorandum, ECF No. 57 (May 9, 2012) ("Prob. Mem.")

The parties spend much time focusing on their respective interpretations of Freeman. The government claims that Freeman bars sentence reductions where a Rule 11(c)(1)(C) plea agreement is at issue. Heard urges the Court to follow the plurality opinion in Freeman to find that the case "stands only for the proposition that defendants sentenced pursuant to Rule

-3-

11(c)(1)(C) agreements may be eligible for § 3582(c)(2) sentence reductions." Reply at 3.  Both the government and Heard misconstrue Freeman.

In Freeman, the defendant was charged, in relevant part, with possession with intent to distribute crack cocaine.  The parties entered into a Rule 11(c)(1)(C) plea agreement, which provided for an agreed-upon sentence of 106 months imprisonment.  The district court accepted the plea and imposed a sentence of 106 months imprisonment.  After the Guidelines were amended to allow for retroactive adjustments to penalties for crack cocaine-related offenses, the defendant moved to reduce his sentence, which the district court denied.  The Sixth Circuit affirmed, reasoning that courts were not permitted to reduce the sentence of a defendant who had entered into a Rule 11(c)(1)(C) plea agreement.  Freeman, 131 S. Ct. 2691.  The Supreme Court reversed, with Justice Kennedy, in a plurality opinion, reasoning that sentencing reductions remained available even in the context of Rule 11(c)(1)(C) plea agreements because "[i]n every case the judge must exercise discretion to impose an appropriate sentence" and "this discretion, in turn, is framed by the Guidelines." Id. at 2690.

Justice Sotomayor's concurrence took a narrower approach.  Although Justice Sotomayor agreed with the plurality that the specific defendant in that case was eligible for a reduction in sentence, she departed from the plurality opinion's view that all Rule 11(c)(1)(C) plea agreements are "based on" the Guidelines.  Instead, the starting point for Justice Sotomayor was the plea agreement itself.  She reasoned that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is "based on" that agreement, not on the Guidelines, even if the Guidelines were relevant to the parties' plea negotiations and even if the sentencing court referred to the Guidelines in deciding whether to accept the plea. Id. at 2696.  But Justice Sotomayor's concurrence left room for situations where the parties -- pursuant to a Rule 11(c)(1)(C) plea agreement -- could

agree that a sentence "based on" the Guidelines would apply. Id. at 2697-98.[2]  Accordingly, "[a]s long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range." Id. at 2697-98.

Justice Sotomayor's opinion constitutes the holding in Freeman. Under Marks v. United States, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." 430 U.S. 188, 193 (1977).  Heard argues that Marks is inapplicable here because Justice Sotomayor's concurrence is "diametrically opposed to the reasoning employed by the other four Justices."  Reply at 4.  Heard instead urges the Court to follow the plurality opinion.  Id. at 3.  But other courts analyzing Freeman -- including the First, Fourth, and Sixth circuits -- have concluded that Justice Sotomayor's concurrence, which contained the narrowest grounds for the Court's decision, constitutes the holding in Freeman.  See, e.g. United States v. Rivera-Martinez, 665 F.3d 344, 348 (1st Cir. 2011); United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011); United States v. Smith, 658 F. 3d 608, 611 (6th Cir. 2011).  Although the D.C. Circuit has not yet had occasion to decide the issue, courts in this jurisdiction have similarly held that Justice Sotomayor's opinion is controlling.  See, e.g., United States v. Turner, 825 F. Supp. 2d 240, 244-45 (D.D.C. 2011) (rejecting argument similar to Heard's that Justice Sotomayor's concurrence is not binding and

---

[2] For example, Justice Sotomayor stated that "some [Rule 11(c)(1)(C)] agreements may call for the defendant to be sentenced within a particular Guidelines sentencing range.  In such cases . . . there can be no doubt that the term of imprisonment is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)." Id. at 2697. "Similarly, a plea agreement might provide for a specific term of imprisonment -- such as a number of months -- but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." Id.  Neither of these situations is present here.

finding instead that "her opinion provides the Court's holding"); United States v. Watson, 03-Cr-311, 2012 WL 252252, at *1 n.2 (D.D.C. Jan. 26, 2012) (same and citing Turner).  Contrary to Heard's contention, there is no inconsistency between the plurality's view and Justice Sotomayor's assessment that Rule 11(c)(1)(C) plea agreements can be "based on" a Guidelines range within the meaning of § 3582(c) provided that the plea agreement itself reflects that intent.  See Turner, 825 F. Supp. 2d at 245 (calling Justice Sotomayor's opinion a "logical subset of the plurality's broader statement").

      Here, Heard's plea agreement does not indicate that the parties intended for his sentence to be "based on" a sentencing range that subsequently was reduced.  The agreement simply states: "[T]he parties agree that the appropriate disposition of this case is for Mr. Heard to be sentenced to a period of incarceration of 48 months, plus a term of supervised release of five years, no fine, and a $100 special assessment."  Plea Agreement at 2.  There is no reference at all in the plea agreement to the Guidelines, or to an appropriate Guidelines range.  Although various Guidelines ranges were discussed at Heard's sentencing hearing, it does not follow that Heard's sentence was "based on" the guidelines range for crack cocaine offenses.  See Tr. 36:4-8 ("[T]he sentence that will be imposed is the sentence agreed to under [Rule 11(c)(1)(C)]."); see also Freeman, 131 S. Ct. at 2697 ("[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject.  The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations; instead . . . it is based on the binding agreement produced by those negotiations.") (Sotomayor, J. concurring) (internal citations omitted); United States v. Knox, 04-Cr-253, 2012 WL 992092, at *2 (N.D. Ill. Mar. 20, 2012) (citing same language from Freeman).

      Although the D.C. Circuit has not weighed in on this issue, courts in this jurisdiction

considering § 3582(c) motions post-<u>Freeman</u> have looked to whether the Rule 11(c)(1)(C) plea agreement itself clearly demonstrated that the sentence was "based on" a sentencing range that was subsequently reduced.  <u>See, e.g.</u>, <u>United States v. Walker</u>, 818 F. Supp. 2d 151, 153 (D.D.C. 2011) ("At present, and in the absence of additional guidance from the D.C. Circuit, the text of the plea agreement is the focus of the analysis.  Walker's plea agreement does not demonstrate the parties' intent to base the term of imprisonment on a subsequently lowered Sentencing Guidelines range."); <u>Knox</u>, 2012 WL 992092, at *1 ("Because the binding 11(c)(1)(C) [plea agreement] does not indicate the parties' intent to base the agreed upon sentence on a particular Guideline range that has been subsequently lowered . . . but rather presents a specific stipulated sentence, Knox's sentence reduction is precluded.").  Here, in the absence of such intent (and indeed, given all the evidence indicating otherwise) the Court is unwilling to infer that Heard's sentence was "based on" a sentencing range that was subsequently reduced, when the plea agreement is silent on the matter.

      Moreover, Heard is also ineligible for a sentencing reduction because the Guidelines range applicable to him is unaffected by the amendments regarding penalties for crack cocaine offenses.  The career offender Guidelines clearly were the appropriate measure for determining the sentencing range applicable to Heard, as indicated both in the PSR and the Probation Memorandum.  <u>See</u> PSR ¶¶ 57, 59;  Prob. Mem. at 2. In that vein, Heard's motion for reduction also fails because he was not sentenced pursuant to a Guidelines range that has been subsequently lowered by the Commission.  The Court does not accept, however, the government's broad assertion that in all circumstances the potential applicability of the career offender provisions in the Guidelines categorically bar a defendant from seeking a sentence reduction under § 3582(c).  The D.C. Circuit has not decided the issue, although other circuits have taken different

approaches.  See, e.g., United States v. Rivera, 662 F.3d 166, 172 n. 5 (2d Cir. 2011) (observing that the First, Second, Third, and Fourth Circuits have held that modification under § 3582(c) is available on crack cocaine offenses if a sentencing judge departs from the career offender range to the range established by the offense guideline, but noting that the Sixth, Eighth, and Tenth Circuits have held otherwise).  Freeman and the post-Freeman cases suggest that in instances where the career offender Guidelines provisions would ordinarily apply, but a Rule 11(c)(1)(C) plea agreement makes clear that a sentence is instead based on an offense level range that is later reduced, then there may be an argument that modification is available under § 3582(c).

However, those facts are not present here.  Ultimately, the plea agreement remains the focal-point of the Court's analysis, and that agreement simply states that the parties stipulate to a term of 48 months incarceration.  Because Heard's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," Heard is ineligible for a sentence reduction under 18 U.S.C. § 3582(c). Accordingly, upon consideration of [53] the motion for retroactive application of sentencing guidelines, it is hereby

**ORDERED** that the motion is DENIED.[3]

 SO ORDERED.

/s
JOHN D. BATES
United States District Judge

Dated: May 11, 2012

---

[3]  It appears that Heard has filed two motions requesting the same relief.  For the same reasons, that motion [52] is also denied.